**E-FILED**
Monday, 05 November, 2012  11:28:34 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| ANTHONY GAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   12-cv-1453 |
| | ) | |
| GREG LAMBERT, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), and his Motion for Leave to Proceed in forma pauperis (Doc. 2), received by the Court on October 31, 2012. For the reasons stated below, Petitioner is granted leave to proceed in forma pauperis and his Petition is dismissed with prejudice.

### MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Petitioner submitted a Motion for Leave to Proceed in forma pauperis concurrently with his § 2254 petition, requesting the privilege under 28 U.S.C. § 1915 to proceed with his claim without prepayment of filing fees. In his Motion, Petitioner asserts, under penalty of perjury, that he does not currently have and has not in the past twelve months had a source of income. (Doc. 2). Supporting his Motion, the trust fund account statement submitted by Petitioner shows a negative balance. (Doc. 3). Therefore, the Court grants Petitioner's Motion. The Court has

discretion to order a partial payment, but will not exercise it in this case, as it is plain that Petitioner cannot afford even a minimal payment.

## 28 U.S.C. § 2254 PETITION

Petitioner was convicted of aggravated battery and sentenced to five years of imprisonment in case number 01-cf-234, in the Livingston County Circuit Court.[1] (Doc. 1 at 1). His conviction was affirmed on direct appeal and his state post-conviction petition was denied (Doc. 1 at 2-3). Petitioner raises only one claim in his Petition. He asserts that because the Illinois Department of Corrections failed to note in its disciplinary report of Petitioner's conduct that there was a violation of state or federal law, indicated by the code "501," he was not given notice that a criminal conviction and sentence could result from his behavior and therefore his due process rights were violated. (Doc. 1 at 5). Petitioner seeks to have his conviction reversed. (Doc. 1 at 15).

Rule 4 of the Rules Governing Section 2254 Cases in the District Courts requires the district court to "promptly examine" a new § 2254 petition and dismiss it "[i]f it plainly appears . . . that the petitioner is not entitled to relief in the district court." The Court has examined the Petition, and finds that, for the following reasons, Petitioner is plainly not entitled to relief.

Petitioner is correct that due process requires notice of the conduct that is prohibited in order to validly convict for such conduct. *See, e.g., Bouie v. City of Columbia,* 378 U.S. 347, 350-51 (1964). However, Petitioner has not suffered a

---

[1] The Court notes that Petitioner has filed multiple § 2254 petitions in this Court, but on initial review, this appears to be the only petition relating to this conviction.

violation of this due process requirement. First, because he claims the violation of law should have been cited in a disciplinary report, the notice he claims he was denied would have come *after* the conduct resulting in his conviction.[2] Second, it is a fundamental maxim that "ignorance of the law is no defense to criminal prosecution." *Cheek v. United States*, 498 U.S. 192, 199 (1991); *see also United States v. Bryza*, 522 F.2d 414, 423 (7th Cir. 1975) ("[E]very man is presumed to know the law.").

The exceptions to the rule that ignorance of the law is not a defense are inapplicable here. In contrast with many federal tax laws, the Illinois aggravated battery statute does not require a showing that the defendant acted "willfully" in committing the aggravated battery. 720 Ill. Comp. Stat. 5/12-3.05; *see also Cheek*, 498 U.S. at 200 ("[T]he standard for the statutory willfulness requirement is the voluntary, intentional violation of a known legal duty." (quoting *United States v. Bishop*, 412 U.S. 346, 360 (1973)) (internal quotation marks omitted)). Likewise, aggravated battery is not a crime punishing inaction that is ordinarily non-criminal; Illinois' aggravated battery statute requires affirmative conduct that a reasonable person would know carries a possible criminal sanction. 720 Ill. Comp. Stat. 5/12-3.05; *Lambert v. People of the State of California*, 355 U.S. 225, 229 (1957). Petitioner does not allege that the statute was not in force at the time of the actions leading to the aggravated battery charge and conviction, and so cannot argue that

---

[2] As Petitioner seeks reversal of his conviction and asserts lack of notice that he could be criminally convicted, this is not the type of claim recognized under *Wolff v. McDonnell*, 418 U.S. 539 (1974), in which prisoners have procedural due process rights before removal of good time credits or other disciplinary measures can be imposed within the prison administrative system. He also does not claim he was not notified of the charges against him before he was convicted.

he was not "on notice" of the possibility of a criminal charge. Therefore, Petitioner is plainly not entitled to relief in this Court, as there was no due process violation. Thus, his Petition must be dismissed as meritless.

IT IS THEREFORE ORDERED that Petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is GRANTED and his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is DISMISSED WITH PREJUDICE.

Entered this 5th day of November, 2012.

                                                s/ Joe B. McDade
                                                JOE BILLY McDADE
                                United States Senior District Judge